# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK MENTER, | : |
| Petitioner | : |
| | :    CIVIL ACTION NO. 3:17-1886 |
| v. | : |
| |    (Judge Mannion) |
| J. BALTAZAR, Warden USP-Canaan, | : |
| | : |
| Respondent | |

## **MEMORANDUM**

Petitioner, Derrick Menter, an inmate currently incarcerated in the Canaan United States Penitentiary, Waymart, Pennsylvania ("USP-Canaan"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges a conviction and sentence imposed by the United States District Court for the District of New Jersey. Id. Specifically, he claims that he is "actually innocent of murder in the first degree increased mandatory maximum penalty of life imprisonment beyond the mandatory maximum penalty of 5 years for conspiracy to commit murder under 18 U.S.C. §1117 absent evidence of malice aforethought resulting in the unlawful killing of Judge Garret Brown being proven to the jury beyond a reasonable doubt in light of Burrage v. United States, 134 S. Ct. 881 (2014); Kreiger v. United

States, 842 F.3d 490 (7th Cir. 2016); Skilling v. United Staes, 561 U.S. 358 (2010); Hopkins v. Reeves, 524 U.S. 88 (1998); Coleman v. Johnson, 566 U.S. 650 (2012); and Elonis v. United States, 135 S. Ct. 2001 (2015)." Id. Menter further claims that "Burrage, Coleman, Elonis, McQuiggan and Bond was unavailable at the time of his trial, conviction, appeal and initial §2255, and [he] was foreclosed by Third Circuit precedent" and "the Supreme Court recent decisions are substantive interpretations of federal criminal law and retroactive." Id. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus for lack of jurisdiction.

**I.  Background**

On March 16, 2011, Menter was indicted in the United States District Court for the District of New Jersey for conspiracy to commit murder pursuant to 18 U.S.C. §1117, and attempted murder of an officer of the United States pursuant to 18 U.S.C. §§1113, 1114. United States v. Menter, No. 1:11-CR-00159. Specifically, Menter and a co-defendant were charged with conspiring between January 28 and February 17, 2011, to kill a United States District Court judge. Id.

On July 13, 2011, following a jury trial, Menter was found guilty of Count

2

1, conspiracy to commit murder of a federal judge. Id. He was sentenced to life imprisonment. Id.

On December 7, 2012, Menter filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. §2255, asserting that his trial counsel was ineffective, that the Government had failed to disclose material evidence, and that the Government had relied on false or perjured evidence. Menter v. United States, No. 1:12-CV-07526 (D. N.J.). By Memorandum and Order dated January 30, 2013, the sentencing court denied Petitioner's 2255 motion, and declined a certificate of appealability. Id.

On February 26, 2015, over three years after the judgment was entered, Menter filed a direct appeal of the conviction. United States v. Menter, No. 15-1572. The Third Circuit dismissed the appeal as untimely.

On July 26, 2017, Menter filed the above captioned petition under 28 U.S.C. §2241, in the District of New Jersey. Menter v. United States, No. 1:17-CV-5444 (D. N.J.). (Doc. 1). By Order dated October 12, 2017, the New Jersey District Court transferred the action to the Middle District, where Petitioner is confined. (Doc. 2).

## II. DISCUSSION

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. §2255. See 28 U.S.C. §2255(e). Section 2255(e) provides that:

> An application for a writ of habeas corpus [pursuant to §2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§2255] shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255(e). To that end, the Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is "inadequate or ineffective." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). This safety valve language in

4

Section 2255(e) has been strictly construed. See Application of Galante, 437 F.2d 1164, 1165–66 (3d Cir. 1971) (concluding that unfavorable legal standards in circuit where sentencing court was located do not render Section 2255 remedy inadequate or ineffective); Millan–Diaz v. Parker, 444 F.2d 95, 97 (3d Cir. 1971) (concluding that doubts about the administration of a Section 2255 motion in particular do not make the remedy inadequate or ineffective); United States ex rel. Leguillou v. Davis, 212 F.3d 681, 684 (3d Cir. 1954) (holding that even if the sentencing court incorrectly disposes of a proper motion under Section 2255, the appropriate remedy is an appeal of that decision and not a habeas corpus petition).

Importantly, Section 2255 is not inadequate or ineffective merely because the sentencing court has previously denied relief. Dorsainvil, 119 F.3d at 251. Nor do legislative limitations like statutes of limitation or gatekeeping provisions render the Section 2255 remedy inadequate or ineffective so as to authorize pursuit of a habeas petition in this court. See, e.g., Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. Rather, only when a prisoner is in the unusual position of having no earlier opportunity to challenge his conviction or "is being detained for conduct that

has subsequently been rendered noncriminal by an intervening Supreme Court decision" is Section 2255 "ineffective" for purposes of providing collateral relief. Dorsainvil, 119 F.3d at 251–52.

Additionally, sentencing enhancement challenges are insufficient to invoke Section 2241. See Cradle, 290 F.3d at 538–39. In Dorsainvil, the Third Circuit held that Section 2241 relief is available where a subsequent statutory interpretation renders a petitioner's conduct of conviction no longer criminal. Dorsainvil, 119 F.3d at 251–52; also Okereke, 307 F.3d at 120 (holding that relief under Section 2241 is only available in "rare situations" where the crime of conviction is later deemed non-criminal). Section 2241 is not available for intervening changes in the law of sentencing. Id. In other words, if a subsequent change in the law alters only an element of sentencing but not the underlying crime of conviction, Section 2241 offers no remedy. See Okereke, 307 F.3d at 120 (refusing to extend Dorsainvil exception to sentencing challenge under Apprendi); Rodriguez v. Warden Lewisburg USP, Nos. 15–3555, 15–3570, 2016 WL 1127869, at *2 (3d Cir. Mar. 23, 2016) (refusing to extend Dorsainvil exception to sentencing challenge under Alleyne v. United States, 133 S.Ct. 2151 (2013)).

Menter claims that the plethora of cases cited in support of his habeas

petition "are substantive interpretations of federal criminal law and retroactive". The Court finds this claim lacks merit.

Initially, the Court notes that there has been no change in the substantive law applicable to Petitioner's case. The statute of conviction, 18 U.S.C. §1117, provides:

> "If two or more persons conspire to violate section 1111, 1114, 1116, or 1119 of this title, and one or more of such persons do any overt act to effect the object of the conspiracy, each shall be punished by imprisonment for any term of years or for life."

The superseding indictment alleged a conspiracy to violate §1114, which in pertinent part applies to one who "kills or attempts to kill any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while such officer or employee is engaged in or on account of the performance of official duties. . . ." The Court finds that there has been no change in the substantive law applicable to these provisions. Nor do any of Petitioner's alleged supporting cases provide any changes to the applicable substantive law Petitioner was convicted under, specifically 18 U.S.C. §1117, conspiracy to murder a federal official.

In Elonis v. United States, ––– U.S. ––––, 135 S.Ct. 2001, 192 L.Ed.2d 1 (2015), the Supreme Court found that 18 U.S.C. §875(c) requires proof that

a defendant intended to issue threats, or that he knew that his interstate communication would be received as a threat. However, that is not the statute of conviction in this case.

In McQuiggan v Perkins, 569 U.S. 383 (2013), the Supreme Court found that a habeas petitioner can overcome the expiration of the AEDPA statute of limitations set forth in 28 U.S.C. §2244(d)(1) by making a convincing showing of actual innocence. Id. McQuiggan, however, is inapplicable to the instant matter as the statute of limitations is not at issue.

Menter fares no better with his Burrage claim, as "the Supreme Court has not made Burrage retroactive." Alvarez v. Hastings, Civ. No. 2:14-cv-70, 2015 WL 4092657 *2 (S.D. Ga. July 6, 2015); Gibson v. Thomas, Civ. No. 3:14-cv-820, 2016 WL 213618 *5 (M. D. Pa. Jan. 19, 2016)(Caputo, J.) (the Supreme Court did not make Burrage retroactive to cases on collateral review as such it does not fall within the narrow Dorsainvil exception); Harrington v. Holland, Civ. No. 14-192, 2015 WL 2065945 * 3 (E.D. Ky May 4, 2015) (Burrage is not a decision which is retroactively applicable to cases on collateral review). Accordingly, Petitioner's reliance on Burrage in seeking relief under §2241 is misplaced. Givens v. United States, No. 4:18-CV-993,

2018 WL 2718039, at \*2 (M.D. Pa. June 6, 2018).[1] Petitioner has thus failed to show that Section 2255 is inadequate or ineffective to challenge his detention, and his petition pursuant to Section 2241 is subject to dismissal for lack of jurisdiction.

Moreover, Menter does not state that he has requested permission from the United States Court of Appeals for the Third Circuit for leave to file a successive petition. There remains the possibility that Menter would be granted permission by the Court of Appeals to file a successive §2255 motion, if appropriate. Thus, the Court will dismiss Menter's petition for a writ of habeas corpus under 28 U.S.C. §2241, without prejudice to any right Petitioner may have to seek leave to file a second or successive §2255 motion.

---

[1] Menter also cites decisions that predate his prosecution or, were decided by the time he filed his first §2255 motion, such as Skilling v. United States, 561 U.S. 358 (2010) (interpreting the honest services fraud statute, 18 U.S.C. §1346, as applicable only to the payment of bribes or kickbacks), Hopkins v. Reeves, 524 U.S. 88 (1998) (addressing the intent requirement of felony murder and holding that state trial courts, in capital cases, are not constitutionally required to instruct juries on offenses that are not lesser included offenses of the charged crime under state law), and Coleman v. Johnson, 566 U.S. 650 (2012) (reversing the grant of federal habeas relief to a state defendant convicted of conspiracy and accessory to murder upon finding the evidence sufficient under the pertinent standard of review). These decisions are not only inapposite, but clearly, do not satisfy the Dorsainvil exception for a new substantive rule of criminal law, as they were all decided and at the time Menter was prosecuted and/or at the time he filed his §2255 motion.

Consequently, the instant petition will be dismissed for lack of jurisdiction.

## III. <u>Conclusion</u>

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: June 6, 2019**
17-1886-01